LOUISE K. Y. ING 2394-0
ALLISON KIRK GRIFFITHS 8156-0
ALSTON HUNT FLOYD & ING
18th Floor, ASB Tower
1001 Bishop Street
Honolulu, Hawaii 96813
Telephone: (808) 524-1800
Facsimile: (808) 524-4591
Email: ling@ahfi.com
agriffiths@ahfi.com

STEVEN L. KATZ
MASUDA FUNAI EIFERT & MITCHELL, LTD.
203 N. LaSalle Street, Suite 2500
Chicago, Illinois 60601
Telephone: (312) 245-7500
Facsimile: (312) 245-7467

Attorneys for Defendants
ADVANCED FRESH CONCEPTS
CORPORATION and ADVANCED FRESH
CONCEPTS FRANCHISE CORPORATION

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| WILLIAM R. KOWALSKI and HAWAII INTERNATIONAL SEAFOOD, INC.,<br><br>Plaintiffs,<br><br>vs.<br><br>ADVANCED FRESH CONCEPTS CORPORATION and ADVANCED FRESH CONCEPTS FRANCHISE CORPORATION (doing business as "AFC" and "SOUTHERN | CIVIL NO. CV04-00053 BMK<br><br>**DEFENDANTS ADVANCED FRESH CONCEPTS CORPORATION'S AND ADVANCED FRESH CONCEPTS FRANCHISE CORPORATION'S ANSWER TO FIRST AMENDED COMPLAINT FILED ON MAY 26, 2006; COUNTERCLAIM; CERTIFICATE OF SERVICE** |

TSUNAMI", )
)
Defendants. )
)

**DEFENDANTS ADVANCED FRESH CONCEPTS CORPORATION'S AND ADVANCED FRESH CONCEPTS FRANCHISE CORPORATION'S ANSWER TO FIRST AMENDED COMPLAINT FILED ON MAY 26, 2006**

Defendants ADVANCED FRESH CONCEPTS CORPORATION and ADVANCED FRESH CONCEPTS FRANCHISE CORPORATION, as doing business as "AFC" and "SOUTHERN TSUNAMI", (collectively "AFC" or "Defendants"), by and through their attorneys, Alston Hunt Floyd & Ing, hereby answer the First Amended Complaint ("Amended Complaint") filed on May 26, 2006, by Plaintiffs WILLIAM R. KOWALSKI ("Kowalski") and HAWAII INTERNATIONAL SEAFOOD, INC. (collectively "Plaintiffs"), as follows:

**Admissions and Denials**

1. In answer to paragraph 1 of the Amended Complaint, AFC admits that this Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1338(a) and 28 U.S.C. § 1331 insofar as the Amended Complaint includes a claim for patent infringement allegedly arising under the Patent Laws of the United States, 35 U.S.C. § 1, et seq. and a claim for fraud and unfair competition allegedly arising under the Federal Lanham Act, Haw. Rev. Stat. Chap. 480 and common law. AFC denies that Plaintiffs are entitled to any relief based upon their claim for patent infringement, fraud, unfair competition, or

otherwise, against AFC and therefore, denies the remaining claims and allegations in paragraph 1 of the Amended Complaint.

2. In answer to paragraph 2 of the Amended Complaint, AFC admits that venue for this action is proper in this court pursuant to 28 U.S.C. §§ 1391 and 1400(b) and that there is jurisdiction over AFC. AFC denies that AFC has committed any acts that constitute infringement of any valid and enforceable claim of U.S. Patent No. 5,972,401 (the '401 Patent) in this judicial district or elsewhere. AFC denies the remaining claims and allegations contained in paragraph 2 of the Amended Complaint.

COUNT ONE

Patent Infringement of the '401 Patent (35 USC §271)

3. In answer to paragraph 3 of the Amended Complaint, AFC incorporates by reference herein its answers to the allegations of paragraphs 1 and 2 of the Amended Complaint, set forth above.

4. In answer to paragraph 4 of the Amended Complaint, AFC admits that on October 26, 1999 the United States Patent and Trademark Office issued U.S. Patent No. 5,972,401 (the '401 Patent), wherein William R. Kowalski is identified as the sole inventor. AFC admits that what appears to be a copy of the '401 Patent is appended to the Amended Complaint as Exhibit A. AFC denies that the '401 Patent is valid and enforceable. AFC is without knowledge or information

sufficient to form a belief as to whether, at all relevant times, Kowalski has been the owner of the '401 Patent, and therefore denies this allegation and all remaining allegations contained in paragraph 4 of the Amended Complaint..

5. In answer to paragraph 5 of the Amended Complaint, AFC admits that the '401 Patent describes and claims certain subject matter, and that the scope of the claims in the '401 Patent will be determined by this Court. Plaintiffs' characterization that the '401 Patent "broadly covers the treatment of food with smoke from which sufficient taste causing components have been removed so that the treated food does not end up with (or retain) taste imparted from the smoke" is vague, indefinite, and incorrect and therefore AFC otherwise denies this statement in its entirety.

In further answer to paragraph 5, AFC affirmatively alleges that Plaintiffs' statement that "such smoke is commonly described as tasteless smoke. (See, for example, claims 67, 50, 49 and 1 of the '401 Patent, which appears at Columns numbered 28, 26, and 22 on the last four pages of Exhibit A)" is vague, indefinite, and incorrect because Plaintiffs have not clearly identified what "such smoke" is or by whom "such smoke" is allegedly "commonly described as tasteless smoke". AFC alleges that the '401 Patent speaks for itself, and AFC therefore denies each and every one of the remaining claims and allegations in this statement.

In further answer to paragraph 5, AFC denies Plaintiffs' allegation that "[t]hese claims do not mention any particular method for removing taste", for claims 1, 49 and 50 recite, *inter alia*, the step of "super-purifying" the smoke in a specific manner and claim 67 recites, *inter alia*, the step of filtering in a specific manner components "that impart smoke flavor from the smoke". Additionally, because the claims are interpreted through the written description and drawings in the '401 Patent, AFC denies Plaintiffs' allegation that the mentioned claims are " not limited to" "any particular equipment, method for removing taste from the smoke, names, etc." AFC admits that in the Summary of the Invention, at lines 25-30 in Column 12 of the '401 Patent, the language referenced in the last sentence of paragraph 5 of the Amended Complaint appears. However, the last sentence paragraph 5 of the Amended Complaint otherwise does not set forth facts that require either an admission or denial.

AFC denies each and every one of the remaining claims and allegations contained in paragraph 5 of the Amended Complaint.

6. In answer to paragraph 6 of the Amended Complaint, AFC admits that the '401 Patent describes "benefits" allegedly resulting from food treatment using what is characterized in columns 1 and 2 of the '401 Patent as "tasteless super-purified smoke", and without admitting the truth of any of the statements in columns 1 and 2, AFC admits that other statements are made therein regarding the

prior art and Mr. Kowalski's "invention." AFC is without information sufficient to form a belief as to whether or not all "untreated fish or other meat" under all conditions "turns brown after freezing and thawing, which renders the meat unsuitable for use in raw sashimi or sushi, and much less desirable even when sold as steaks for cooking", and therefore denies each and every one of these allegations. This allegation about untreated meat is also indefinite, and AFC further denies each and every allegation therein on the basis that it would be impossible to provide a meaningful response thereto. The last sentence in paragraph 6 describes meat treated "with tasteless smoke." Because "tasteless smoke" is not precisely defined in the Amended Complaint, or elsewhere, AFC denies each and every one of the allegations contained in the last sentence in paragraph 6 of the Amended Complaint, as well as all other claims and allegations in paragraph 6 of the Amended Complaint not specifically addressed in this paragraph of the Answer.

7. In answer to paragraph 7 of the Amended Complaint, AFC admits that 35 U.S.C. § 271(g) provides that "whoever without authority imports into the United States or sells or uses within the United States a product which is made by a process patented in the United States shall be liable as an infringer . . . ." AFC admits that under certain circumstances, under the Process Patent Amendments of Act of 1988, infringement liability may not be limited only to those who use a patented process, but may also extend to those who import or sell a product made

by a patented process. AFC denies that it has infringed any valid and enforceable claim of the '401 Patent or has any liability for infringement under 35 U.S.C. § 271(g), or under any other provisions of the U.S. Patent Laws, and further denies each and every one of the remaining claims and allegations contained in paragraph 7 of the Amended Complaint.

8. In answer to paragraph 8 of the Amended Complaint, AFC admits that 35 U.S.C. § 282 states that "a patent shall be presumed valid". AFC denies that the '401 Patent is valid and denies all remaining claims and allegations contained in paragraph 8 of the Amended Complaint.

9. In answer to paragraph 9 of the Amended Complaint, AFC affirmatively alleges that the characterization "tasteless smoke" is not precisely defined in the Complaint, or elsewhere, and therefore AFC denies each and every one of the claims and allegations contained in paragraph 9 of the Amended Complaint.

10. In answer to paragraph 10 of the Amended Complaint, AFC denies that at any time after October 26, 1999, it has ever imported, offered to sell, or sold products or food made by a process covered by any valid and enforceable claim of the '401 Patent. AFC denies each and every one of the remaining claims and allegations contained in paragraph 10 of the Amended Complaint.

11. In answer to paragraph 11 of the Amended Complaint, AFC denies that it now is infringing, or has ever infringed, any valid and enforceable claim of the '401 Patent either directly, contributorily, or by inducement, in violation of 35 U.S.C. § 271.

12. In answer to paragraph 12 of the Amended Complaint, AFC is without knowledge sufficient to form a belief as to the truth or falsity of any of the allegations in paragraph 12 of the Amended Complaint and therefore denies each and every one of those allegations.

13. In answer to paragraph 13 of the Amended Complaint, AFC admits that Kowalski sent to AFC a letter dated January 29, 2003, and identified as Exhibit B to this Amended Complaint. AFC is without knowledge sufficient to form a belief as to whether Plaintiffs have caused notice of the '401 Patent to be placed on any frozen seafood and therefore denies this allegation and each and every one of the remaining claims and allegations in paragraph 13 of the Amended Complaint.

14. In answer to paragraph 14 of the Amended Complaint, AFC admits that it received a letter dated January 29, 2003, a copy of which is attached to the Amended Complaint as Exhibit B, in the approximate time frame of February 3, 2003. AFC denies each and every one of the remaining claims and allegations contained in paragraph 14 of the Amended Complaint.

15. In answer to paragraph 15 of the Amended Complaint, AFC admits that the Process Patent Amendments Act of 1988 includes a provision under 35 U.S.C. § 287(b)(5)(C), as quoted in paragraph 15(a) of the Amended Complaint. Plaintiffs' allegations in paragraph 15(a) of the Amended Complaint are ambiguous and, to the extent understood, appear to inaccurately assert that 35 U.S.C. § 287(b)(5)(C) requires that Defendants provide a "written statement from the manufacturer or supplier" to Plaintiffs. Because there is no such requirement, Defendants deny each and every allegation in paragraph 15(a) of the Amended Complaint. Defendants further deny that the January 29, 2003 letter (Exhibit B to the Amended Complaint) constitutes a "notice of infringement" under 35 U.S.C. §287(b)(5)(A). AFC denies each and every one of the remaining claims and allegations contained in paragraph 15 of the Amended Complaint.

16. In answer to paragraph 16 of the Amended Complaint, AFC denies each and every one of the claims and allegations contained in paragraph.

17. In answer to paragraph 17 of the Amended Complaint, AFC denies each and every one of the claims and allegations contained in paragraph.

18. In answer to paragraph 18 of the Amended Complaint, AFC denies each and every one of the claims and allegations contained in paragraph.

19. In answer to paragraph 19 of the Amended Complaint, AFC denies each and every one of the claims and allegations contained in paragraph 19.

20. In answer to paragraph 20 of the Amended Complaint, AFC denies each and every one of the claims and allegations contained in paragraph 20.

COUNT TWO

21. In answer to paragraph 21 of the Amended Complaint, AFC incorporates by reference herein its answers to the allegations of paragraphs 1 through 20 of the Amended Complaint, set forth above.

22. In answer to paragraph 22 of the Amended Complaint, AFC admits, on information and belief, that certain of the fish sold by ADVANCED FRESH CONCEPTS CORPORATION and/or ADVANCED FRESH CONCEPTS FRANCHISE CORPORATION was treated with carbon monoxide. As to the last sentence of paragraph 22, starting with "See, e.g.", no discernable allegation is made and AFC is without knowledge or information sufficient to form a belief as to the truth of any allegations concerning Exhibit C and therefore denies the same. AFC denies all remaining claims and allegations contained in paragraph 22 of the Amended Complaint.

23. In answer to paragraph 23 of the Amended Complaint, AFC is without knowledge or information sufficient to form a belief as to the truth or falsity of the claims and allegations contained in paragraph 23 and therefore denies said claims and allegations.

24. In answer to paragraph 24 of the Amended Complaint, AFC is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 24 of the Amended Complaint and therefore denies said claims and allegations.

25. In answer to paragraph 25 of the Amended Complaint, AFC is without knowledge or information sufficient to form a belief as to the truth or falsity of the claims and allegations contained in paragraph 25 of the Amended Complaint and therefore denies said claims and allegations.

26. In answer to paragraph 26 of the Amended Complaint, AFC is without knowledge or information sufficient to form a belief as to the truth or falsity of the claims and allegations contained in paragraph 26 of the Amended Complaint and therefore denies said claims and allegations..

27. In answer to paragraph 27 of the Amended Complaint, AFC denies the claims and allegations contained in paragraph 27 of the Amended Complaint.

28. [sic] In Answer to [the second] paragraphs 26 and 27 of the Amended Complaint on page 11, AFC denies the claims and allegations contained in these [second] paragraphs 26 and 27.

29. In Answer to paragraph 28 of the Amended Complaint, AFC denies the claims and allegations contained in that paragraph.

30. In Answer to paragraph 29 of the Amended Complaint, AFC denies the claims and allegations contained in that paragraph 29.

31. AFC denies each and every allegation in the Amended Complaint not admitted or otherwise answered herein.

32. AFC further denies that Plaintiffs are entitled to any of the relief requested in the "WHEREFORE" paragraphs A.-G. of the Amended Complaint.

AFFIRMATIVE DEFENSES

33. The Amended Complaint fails to state a claim against Defendants upon which relief can be granted.

34. Defendants intend to rely on the defense that they have not infringed any valid and enforceable claim of the '401 Patent.

35. Defendants intend to rely on the defense that the '401 Patent is invalid under 35 U.S.C. § 102(a) because the invention was known or used by others in this country before the invention thereof by the applicant for the '401 Patent.

36. Defendants intend to rely on the defense that the '401 Patent is invalid under 35 U.S.C. § 102(a) because the invention was patented or described in a printed publication in this or a foreign country before the invention thereof by the applicant for the '401 Patent.

37. Defendants intend to rely on the defense that the '401 Patent is invalid under 35 U.S.C. § 102(b) because the invention was patented or described in a

printed publication more than one year prior to the date of the application for the '401 Patent.

38. Defendants intend to rely on the defense that the '401 Patent is invalid under 35 U.S.C. § 102(b) because the invention was in public use or on sale in this country more than one year prior to the date of application for the '401 Patent.

39. Defendants intend to rely on the defense that the '401 Patent is invalid under 35 U.S.C. § 102(f) because the inventor did not himself invent the subject matter of the '401 Patent.

40. Defendants intend to rely on the defense that the '401 Patent is invalid under 35 U.S.C. § 102(g) because before the patentee's invention thereof, the invention was made by another in this country who had not abandoned, suppressed, or concealed it.

41. Defendants intend to rely on the defense that the '401 Patent is invalid under 35 U.S.C. § 103 because the differences between the subject matter sought to be patented and the prior art are such that the subject matter as a whole would have been obvious at the time the invention was made to a person having ordinary skill in the art to which the subject matter pertains.

42. Defendants intend to rely on the defense that AFC has not engaged in any false, misleading, fraudulent, deceptive, willful, knowing or intentional

conduct in relation to the importation, selling, advertising, promotion, marketing or labeling of fish or seafood products that has caused damage or harm to Plaintiffs.

43. Defendants intend to rely on the defense that Plaintiffs are barred and estopped from asserting the claims set forth in the Amended Complaint by reason of their unclean hands and inequitable conduct.

44. Defendants intend to rely on the defense that Plaintiffs are barred and estopped from asserting the claims set forth in the Amended Complaint by virtue of the doctrine of laches.

45. Defendants intend to rely on the defense that Plaintiffs are barred and estopped from asserting the claims set forth in the Amended Complaint by virtue of the statute of limitations.

46. Defendants intend to rely on the defense that the Amended Complaint fails to state sufficient facts to state a claim upon which relief can be granted as to Plaintiffs' request for damages.

47. Defendants intend to rely on the defense that the Amended Complaint fails to state sufficient facts to state a claim upon which relief can be granted as to Plaintiffs' request for costs and/or attorneys' fees.

48. Defendants intend to rely on the defense that the Amended Complaint fails to state sufficient facts to state a claim upon which relief can be granted as to Plaintiffs' request for injunctive relief.

49. Defendants intend to rely on the defense that Plaintiffs' purported claims are not each ripe for adjudication.

50. Defendants intend to rely on the defense that Plaintiffs are precluded from asserting the rights alleged the Amended Complaint by the doctrines of abandonment and/or waiver.

51. Defendants intend to rely on the defense that, in view of the state of the prior art and the language of the claims of the '401 patent, Plaintiffs are estopped from maintaining that the claims of the patent have such scope as to cover and embrace any product that Defendants have made, sold, or used.

52. Defendants intend to rely on the defense that Plaintiffs suffered no cognizable damage or injury as a result of the matters alleged in the Amended Complaint.

53. Defendants intend to rely on the defense that any acts, or omissions to act, by AFC were not the proximate cause of any injuries allegedly suffered by Plaintiffs.

54. Defendants intend to rely on the defense that Plaintiffs have failed to mitigate their alleged damages and/or take proper steps to mitigate their alleged damages.

55. Defendants intend to rely on the defense that no likelihood of confusion exists or has been or will be created by Defendants' activities and/or products, and/or that there has been no actual confusion.

56. Defendants intend to rely on the defense that the '401 patent is unenforceable by reason of (a) misuse of the '401 patent by plaintiffs and their agents, attorneys, predecessors in interest, and those in privity with Plaintiffs, (b) Plaintiffs' inequitable conduct in the prosecution of the patent and (c) their discriminatory and anti-competitive licensing and attempts to license the'401 patent following issuance.

57. Defendants intend to rely on the defense that no private right of action is afforded with respect to Count II, including Plaintiffs' unfair competition claims, and/or Plaintiffs lack standing to assert such claims.

58. Defendants intend to rely on the defense that the acts or omissions of Plaintiffs and/or the acts or omissions of others were the cause of Plaintiffs' alleged damages and were acts beyond the control of Defendants for which Defendants are not liable.

59. Defendants intend to rely on the defense that independent intervening forces by persons and/or things other than Defendants may have been the legal and proximate cause of Plaintiffs' alleged damages for which Defendants should not be held liable.

60. Defendants intend to rely on the defense that Plaintiffs' claims are brought in bad faith, without probable cause and without proper purpose as Plaintiffs know that Defendants have not infringed the '401 Patent.

61. Defendants intend to rely on the defense that Plaintiffs' claims are barred by applicable statutory bars and/or defenses.

62. Defendants intend to rely on the defense that Plaintiffs' claims are barred by Plaintiffs' violation of the antitrust laws and/or Federal Trade Commission Act.

63. Defendants intend to rely on the defense that the subject products have been materially changed by subsequent processes and/or because the subject product is a trivial and nonessential component part of another product.

64. Defendants intend to rely on the defense that their conduct was justified, privileged and in good faith, without malice, spite or conscious, reckless or negligent disregard of anyone's rights, if any, and without improper purpose or motive, maliciousness, or ill-will of any kind. Defendants' conduct was within the reasonable expectations of the parties and reasonably related to Defendants' legitimate business interests. Defendants did not perform or fail to perform any acts which constitute a violation of any right, if any, of anyone, or violation of any duty or obligation, if any, owed to anyone.

65. Defendants intend to rely on the defense that Plaintiffs' state-based claims are preempted by federal law.

66. Defendants intend to rely on the defense that Defendants have not used any false or misleading statement in commercial advertising that misrepresents the nature, characteristics, qualities or origin of any advertised goods.

67. Defendants intend to rely on the defense that Defendants have acted in good faith.

68. Defendants intend to rely on the defense that Plaintiffs are barred from the relief they seek herein because any alleged harm, if any, results from fair and good faith competition.

69. Defendants intend to rely on the defense that Plaintiffs are barred from relief because the allegedly protectable interests of Plaintiffs are in the public domain and/or standard in the relevant industry.

70. Defendants intend to rely on the defense that Plaintiffs are barred from relief because the acts or omissions of Defendants were not a substantial factor in the causation of damages allegedly suffered by Plaintiffs.

71. Defendants intend to rely on the defense that Plaintiffs are barred from obtaining the relief it seeks by virtue of public policy.

72. Defendants intend to rely on the defense that they have not made representations regarding their goods that are likely to deceive or mislead prospective purchasers to the likely commercial detriment of Plaintiffs.

73. Defendants intend to rely on the defense that the alleged conduct of Plaintiffs have not caused, and is not likely to cause, a diversion of trade from Plaintiffs or harm their reputation and/or goodwill.

74. Defendants give notice that they intend to rely upon other defenses which may become available or apparent during the course of investigation, discovery and trial, and Defendants reserve the right to amend this answer to assert such defenses.

WHEREFORE, Defendants request that this Court:

a. dismiss Plaintiffs' Amended Complaint with prejudice;

b. find the '401 patent to be invalid;

c. award AFC its attorneys' fees pursuant to the statutory claims made by Plaintiffs;

d. award AFC its costs; and

e. take other such action as the Court deems fair and equitable.

Dated: Honolulu, Hawaii, January 2, 2007.

/s/ Louise K. Y. Ing
LOUISE K. Y. ING
ALLISON KIRK GRIFFITHS
Attorneys for Defendants
ADVANCED FRESH CONCEPTS
CORPORATION and ADVANCED
FRESH CONCEPTS FRANCHISE
CORPORATION