IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI'I

| | |
|---|---|
| WILLIAM R. KOWALSKI and HAWAII INTERNATIONAL SEAFOOD, INC., <br><br> Plaintiffs, <br><br> vs. <br><br> ADVANCED FRESH CONCEPTS CORPORATION and ADVANCED FRESH CONCEPTS FRANCHISE CORPORATION (doing business as "AFC" and "SOUTHERN TSUNAMI", <br><br> Defendants. | CIVIL NO. CV04-00053 BMK <br><br> **COUNTERCLAIM** |

## COUNTERCLAIM

Defendants Advanced Fresh Concepts Corporation and Advanced Fresh Concepts Franchise Corporation (collectively "AFC") allege by way of counterclaim against plaintiffs William R. Kowalski ("Kowalski") and Hawaii International Seafood, Inc. ("HIS") (collectively "Counterclaim Defendants") as follows:

## THE PARTIES

1. Defendant/Counterclaimant Advanced Fresh Concepts Corporation is a California corporation with its office and principle place of business in Rancho Dominguez, California.

2. Defendant/Counterclaimant Advanced Fresh Concepts Franchise Corporation is a California corporation with its office and principle place of business in Rancho Dominguez, California.

3. Counterclaim Defendant Kowalski is an individual who, upon information and belief, is a citizen of the State of Hawai‘i.

4. Counterclaim Defendant HIS is, upon information and belief, a corporation organized under the laws of the State of Hawai‘i with its principal place of business in Honolulu, Hawai‘i. Upon information and belief, Kowalski is president of HIS.

## JURISDICTION AND VENUE

5. This is an action for a declaratory judgment under 28 U.S.C. §2201(a). This Court has original and exclusive jurisdiction of this counterclaim, pursuant to 28 U.S.C. §§1338(a) and 1400(b). This Court has original jurisdiction of this counterclaim, pursuant to 28 U.S.C. §§1331 and 1337. Additionally, this Court has jurisdiction over AFC's state law counterclaims, pursuant to 28 U.S.C. §1367.

6. Without waiving any defenses to Plaintiffs' Complaint, venue is proper within this district because Plaintiffs have submitted to this Court's jurisdiction by filing their Complaint.

## FIRST CLAIM FOR RELIEF
(For Declaratory Judgment as to '401 Patent)

7. There is a justiciable controversy between Counterclaim Defendants and AFC concerning the validity and scope of Kowalski's United States Patent No. 5,972,401 ("the '401 Patent") and AFC's alleged infringement of the '401 Patent. This claim for relief is therefore brought seeking a declaratory judgment that the '401 Patent, and each of its claims, is not infringed, is void, invalid, and unenforceable.

8. Kowalski has asserted that he is the owner of the '401 Patent, entitled PROCESS FOR MANUFACTURING TASTELESS SUPER-PURIFIED SMOKE FOR TREATING SEAFOOD TO BE FROZEN AND THAWED, issued to Kowalski on October 26, 1999.

9. In the First Amended Complaint in this action, Counterclaim Defendants have asserted that the '401 Patent "broadly covers the treatment of food with smoke from which sufficient taste causing components have been removed" and its claims are "not limited to any particular equipment, method for removing taste from the smoke, names, etc." *See* First Amended Complaint, ¶5.

10.   In the First Amended Complaint in this action, Counterclaim Defendants assert that AFC is infringing the '401 Patent. *See* First Amended Complaint, ¶11. AFC is not now infringing, and it has not in the past infringed the '401 Patent. The '401 Patent is non-infringed and is void, invalid, and unenforceable for the reasons set forth in AFC's Answer to First Amended Complaint.

11.   The '401 Patent is also unenforceable due to inequitable conduct in its procurement. More particularly, on information and belief, Kowalski and/or his attorney Martin Hsia ("Hsia"), in order to obtain the allowance of the '401 Patent, withheld information concerning the prior art of the PescaRich and/or Yamaoka process(es) from the United States Patent and Trademark Office ("PTO") and/or mischaracterized this prior art to the PTO. Specifically, Kowalski and/or Hsia withheld information from and/or mischaracterized information to the PTO regarding the prior art so as to convey to the PTO that the prior art did not yield seafood having its original taste - when Kowalski and/or Hsia knew that this was false. This also constituted a knowing and intentional breach of the applicant's duty of candor to the PTO under 37 C.F.R. §1.56.

12.   Unless AFC is found not to infringe the '401 Patent or the '401 Patent is found to be void, invalid and unenforceable, AFC will be harassed in the sale of its products. Accordingly, AFC is entitled to preliminary and/or permanent

injunctive relief declaring that (1) the '401 Patent is not infringed by AFC's activities; (2) the '401 Patent is invalid as asserted against AFC's activities; and/or (3) the '401 Patent is void and unenforceable.

WHEREFORE, AFC demands judgment against Counterclaim Defendants and each of them, and respectfully prays that:

1. Count One of the First Amended Complaint be dismissed with prejudice;

2. An order, judgment, and decree be granted, declaring that the '401 Patent is not infringed by AFC's activities;

3. An order, judgment, and decree be granted, declaring that the '401 Patent is void, invalid and unenforceable;

4. An order, judgment, and decree be granted declaring Plaintiffs are without right or authority to threaten or to maintain suit against AFC or its customers or suppliers for alleged infringement of the '401 Patent;

5. An injunction be entered enjoining Plaintiffs from initiating infringement litigation and from threatening AFC or any of its customers or suppliers with infringement litigation or charging any of them either verbally or in writing with infringement of the '401 Patent;

6. An award to AFC for reasonable attorneys' fees pursuant to 35 U.S.C. §285.

7. An award to AFC for its costs pursuant to Rule 54(d) of the Federal Rules of Civil Procedure; and

8. An award to AFC of such other and further relief as this Court may deem just and proper.

DATED: Honolulu, Hawai'i, January 2, 2007.

/s/ Louise K. Y. Ing
LOUISE K. Y. ING
ALLISON KIRK GRIFFITHS
Attorneys for Defendants/Counterclaimants
ADVANCED FRESH CONCEPTS
CORPORATION and ADVANCED
FRESH CONCEPTS FRANCHISE
CORPORATION