LOUISE K. Y. ING          2394-0
ALLISON KIRK GRIFFITHS    8156-0
ALSTON HUNT FLOYD & ING
Suite 1800, ASB Tower
1001 Bishop Street
Honolulu, Hawaii  96813
Telephone:  (808) 524-1800
Facsimile:  (808) 524-4591
E-mail:     ling@ahfi.com
            agriffiths@ahfi.com

STEVEN L. KATZ     *Pro Hac Vice*
MASUDA FUNAI EIFERT & MITCHELL, LTD.
203 N. LaSalle Street, Suite 2500
Chicago, Illinois 60601
Telephone:  (312) 245-7500
Facsimile:  (312) 245-7467
E-mail:     skatz@masudafunai.com

Attorneys for Defendants
ADVANCED FRESH CONCEPTS CORPORATION and
ADVANCED FRESH CONCEPTS FRANCHISE
CORPORATION

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI'I

| | |
|---|---|
| WILLIAM R. KOWALSKI and HAWAII INTERNATIONAL SEAFOOD, INC., <br><br> Plaintiffs, <br><br> vs. <br><br> ADVANCED FRESH CONCEPTS CORPORATION and ADVANCED | Civil No. CV04 00053 BMK <br><br> **DEFENDANTS ADVANCED FRESH CONCEPTS CORPORATION AND ADVANCED FRESH CONCEPTS FRANCHISE CORPORATION'S SCHEDULING CONFERENCE STATEMENT**; CERTIFICATE OF SERVICE |

635791_1/7128-2

| | | |
|---|---|---|
| FRESH CONCEPTS FRANCHISE CORPORATION, | ) ) ) ) ) ) | DATE:     February 6, 2007<br>TIME:     9:00 a.m.<br>JUDGE:    Barry M. Kurren |
| Defendants. | | |

**DEFENDANTS ADVANCED FRESH CONCEPTS CORPORATION AND ADVANCED FRESH CONCEPTS FRANCHISE CORPORATION'S SCHEDULING CONFERENCE STATEMENT**

Defendants Advanced Fresh Concepts Corporation and Advanced Fresh Concepts Franchise Corporation (collectively "AFC"), by and through their attorneys, Alston Hunt Floyd & Ing, respectfully submit their Scheduling Conference Statement in this case pursuant to Local Rule 16.2(b).

**I.     SHORT STATEMENT OF THE NATURE OF THE CASE**

Plaintiffs William R. Kowalski ("Kowalski") and Hawaii International Seafood, Inc. (collectively referred to as "Plaintiffs") have filed suit against AFC for infringement of United States Patent No. 5,972,401 (the "`401 Patent"), mislabeling/misrepresentation, unfair competition, and Lanham Act violations.

On October 26, 1999, Plaintiff Kowalski, an individual who resides in Hawaii, was issued the `401 Patent. The `401 Patent involves a process for treating/purifying smoke, which is then used in preserving fish. Plaintiffs refer to the smoke produced pursuant to the '401 Patent as "Tasteless Smoke" because

they represent that the smoke is tasteless and odorless. AFC contends that the term "Tasteless Smoke" was used generically in the industry before Plaintiffs started their serial lawsuits to refer to the process of treating fish for color-retention either with filtered wood smoke or manufactured gas containing carbon monoxide ("treated fish"). Plaintiffs have accused AFC of importing and/or selling fish that Plaintiffs claim was treated with smoke that was produced pursuant to the `401 Patent. Additionally, Plaintiffs have asserted claims relating to AFC's past use of the term "Tasteless Smoke" in the labeling of its sushi products containing treated fish.

AFC contends that it has not infringed the '401 patent. AFC denies that at any time after October 26, 1999, has it ever imported, offered to sell, or sold products or food made by a process covered by any valid and enforceable claim of the `401 Patent that was not already processed pursuant to a license from Plaintiffs. AFC does admit that it has sold fish treated with chemical carbon monoxide, which is not covered by the `401 Patent, and therefore does not infringe upon the `401 Patent. As to any fish imported or sold by AFC that was processed with smoke allegedly produced pursuant to the `401 Patent, one of AFC's main suppliers previously entered into a patent license agreement with Kowalski and upon information and belief, has been paying royalties to Kowalski pursuant to the license agreement. Therefore, such fish did not infringe on the '401 Patent

(assuming *arguendo* the '401 Patent is valid and enforceable) when imported and/or sold by AFC because it was licensed product for which a royalty had already been paid to Plaintiffs by the supplier.

In the past, someAFC-supplied sushi products were labeled as containing "tasteless smoked tuna"; however, in approximately March or April 2003, AFC implemented steps to discontinue such labeling. At the time the term "tasteless smoked tuna" was being used in connection with AFC sushi products, "Tasteless Smoke" was a commonly used term in the food industry and was not solely or exclusively used to describe fish treated with smoke produced pursuant to the `401 Patent. Rather, in the late 1990's and early 2000's, "Tasteless Smoke" was a descriptive term widely used in the fish industry to describe fish treated with purified smoke or chemical carbon monoxide to maintain the fish's original color after unfreezing. Furthermore, Plaintiffs never registered as a trademark the term "Tasteless Smoke."

## II. STATEMENT OF JURISDICTION AND DESCRIPTION OF FACTS CONFERRING VENUE

This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. § 1338(a) and 28 U.S.C. § 1331. Venue is proper in this Court under 28 U.S.C. §§ 1391 and 1400(b) as the parties' dispute arose in the district of Hawai`i. AFC does not object to jurisdiction or venue.

**III. WHETHER JURY TRIAL HAS BEEN DEMANDED**

Plaintiffs have made a demand for jury trial.

**IV. STATEMENT ADDRESSING THE APPROPRIATENESS, EXTENT AND TIMING OF DISCLOSURES PURSUANT TO FRCP 26 AND LOCAL RULE 26.1, INCLUDING RULE 26(F) REPORT**

The parties held the Rule 26(f) Meeting of the Parties on January 8, 2007. The parties agreed to a trial date in the first half of November 2007, and to the Court setting the deadlines and discovery limits in this matter in the ordinary course at the Scheduling Conference presently set for February 6, 2007.

**V. DISCOVERY COMPLETED, DISCOVERY IN PROGRESS, MOTIONS PENDING AND HEARING DATES**

There has been no formal discovery in this matter to date, but both AFC and Plaintiffs have informally exchanged a small amount of mostly confidential and highly confidential-attorneys' eyes only documents in order to facilitate ongoing settlement discussions. No motions have been filed and no hearings have been conducted or scheduled.

**VI. STATEMENT ADDRESSING THE APPROPRIATENESS OF ANY PROCEDURES SPECIFIED IN FRCP 16(C) AND LR 16.2 NOT COVERED BY FRCP 26(F)**

AFC does not anticipate the need for special procedures under FRCP Rule 16(c) or LR 16.2 other than as identified in the parties' reports to be filed pursuant to FRCP Rule 26(f).

## VII. STATEMENT IDENTIFYING ANY RELATED CASES PENDING IN STATE OR FEDERAL COURT

Although this is the only case pending between the parties, Plaintiffs have filed numerous cases against several seafood importers and wholesalers involving the same `401 patent, alleging claims for patent infringement, mislabeling, Lanham Act, etc. Some of those cases pending before this Court are as follows:

1. *William R. Kowalski and Hawaii International Seafood, Inc. v. Sea Port Products Corporation,* Civ. No. CV04-00056 ACK LEK;

2. *William R. Kowalski and Hawaii International Seafood, Inc. v. Asiana Management Group, Inc. (d/b/a Ace Sushi)*, Civ. No. CV CV04-00080 DAE-KSC;

3. *William R. Kowalski and Hawaii International Seafood, Inc. v. Mommy Gina Tuna Resources, et al.*, Civ. No. CV05-00679 BMK;

4. *William R. Kowalski and Hawaii International Seafood, Inc. v. Richard Friend and Seafriend*, Civ. No. CV05-00787 BMK; and

5. *William R. Kowalski and Hawaii International Seafood, Inc. v. Integral Seafood LLC, et al.*, Civ. No. CV06-00182 SPK-KSC.

6. *William R. Kowalski and Hawaii International Seafood, Inc. v. Ocean Duke Corporation,* Civ. No. CV 04-00055 BMK.

## VIII. ADDITIONAL MATTERS

The parties have not scheduled a trial date in this case because they have been in settlement negotiations from time to time over the past few years. AFC has asked for but not yet received a settlement offer from Plaintiffs. A settlement conference is scheduled for February 6, 2007. AFC is not aware of any other matters at this time that need to be addressed by the Court.

Dated: Honolulu, Hawai`i, January 31, 2007.

/s/ Louise K. Y. Ing
LOUISE K. Y. ING
ALLISON KIRK GRIFFITHS
Attorneys for Defendants
ADVANCED FRESH CONCEPTS
CORPORATION and ADVANCED
FRESH CONCEPTS FRANCHISE
CORPORATION