CADES SCHUTTE LLP

MILTON M. YASUNAGA    3058
MARTIN E. HSIA        2954
1000 Bishop Street, Suite 1200
Honolulu, HI  96813-4216
Telephone:  (808) 521-9200
E-mail: myasunaga@cades.com

Attorneys for Plaintiffs
WILLIAM R. KOWALSKI and
HAWAII INTERNATIONAL SEAFOOD, INC.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| WILLIAM R. KOWALSKI and HAWAII INTERNATIONAL SEAFOOD, INC., | CIVIL NO. 04-00053 BMK |
|---|---|
| Plaintiffs, | PLAINTIFFS' SCHEDULING CONFERENCE STATEMENT; CERTIFICATE OF SERVICE |
| v. | Date:    February 6, 2007<br>Time:    9:00 a.m.<br>Judge:   Barry M. Kurren |
| ADVANCED FRESH CONCEPTS CORPORATION and ADVANCED FRESH CONCEPTS FRANCHISE CORPORATION (doing business as "AFC" and "SOUTHERN TSUNAMI"), | |
| Defendants. | |

PLAINTIFFS' SCHEDULING CONFERENCE STATEMENT

Pursuant to Rule 16 of the Federal Rules of Civil Procedure and Local Rule 16.2(b) of the Rules of the United States District Court for the District of Hawaii, Plaintiffs WILLIAM R. KOWALSKI and HAWAII INTERNATIONAL SEAFOOD, INC., hereby submit the following Scheduling Conference Statement.

I.   **NATURE OF THE CASE**

Defendants are involved in creating, owning, franchising and supplying sushi outlets all across the United States. In Hawaii, some of these outlets are located in supermarkets, such as Star Markets in Kahala and Safeway in Hawaii Kai. Like the recent case this Court handled regarding Seven Seas, this case began as a patent trademark infringement action, but turned into a Lanham Act mislabeling case when Defendants ADVANCED FRESH CONCEPTS CORPORATION and ADVANCED FRESH CONCEPTS FRANCHISE CORPORATION (jointly, AFC) responded to the complaint by presenting declarations stating that the fish sold by AFC was processed with chemical carbon monoxide, whereupon Plaintiffs pointed out that the fish had been misleadingly labeled as treated with tasteless smoke, and Plaintiffs amended the complaint to add a Lanham Act mislabeling claim.

On October 26, 1999, Plaintiff, an individual who resides in Hawaii, was issued United States Patent No. 5,972,401 ("Patent" or "Plaintiff's Patent"). The

Patent broadly covers the treatment of food with smoke from which taste causing components have been reduced so that food treated with the smoke does not take on or retain a taste from the smoke – hence, the common and usual name for such smoke is tasteless smoke.  Although some of the Patent's seventy three claims are narrow and specific, others are broad (e.g., claims 1, 50, or 67 at columns 22, 26, and 28 of Plaintiff's Patent), and because infringement occurs if even one claim is applicable to the infringer, the Patent is not restricted to the use of any particular equipment or terminology or method of taste component reduction.  The U.S. Patent and Trademark Office has concluded that Plaintiff's invention is novel and deserving of a patent.  The utility of Plaintiff's invention includes the following: Untreated fish or other meat turns brown after freezing and thawing, which renders the meat unsuitable for use raw as sashimi or poke or on sushi, and much less desirable even when sold as steaks for cooking.  In contrast, meat treated with tasteless smoke retains its natural color through freezing and thawing and, because the smoke does not impart a taste, the meat is suitable for the many uses in which a smoke taste is not desired.  The case also involves a claim for trademark infringement.

## II.     JURISDICTION AND VENUE

Jurisdiction and venue are proper, as set forth in the Complaint.

### III. JURY TRIAL

Plaintiff has requested a jury trial.

### IV. DISCLOSURES

The parties will make disclosures in accordance with the applicable rules.

### V. PENDING DISCOVERY AND MOTIONS

As mentioned, AFC has presented declarations (from its suppliers) declaring that AFC's fish treated for color retention was treated with chemical carbon monoxide gas and not smoke. In addition, because it is needed for the settlement talks scheduled for February 6, AFC has provided a table showing the amount of pounds of fish labeled as treated with tasteless smoke (but actually treated with carbon monoxide), the gross revenues AFC received for selling that fish, AFC's costs in buying that fish, and the net profit from the sales of that fish. Plaintiffs served interrogatories and document requests, which have so far only been responded to by provision of the above information. If a settlement is not achieved on February 6, the remainder of the discovery should be produced. The parties did not see any need for special limiting or focusing on discovery.

### VI. SPECIAL PROCEDURES

As mentioned, a settlement conference is set for February 6.

## VII. RELATED COURT CASES

The patent and patent holder involved in the present case are involved in several other infringement or mislabeling litigation settled or still pending in the District of Hawaii.

## VIII. ADDITIONAL MATTERS

The parties appreciate the Court's assistance in attempting to settle this matter at the February 6 settlement conference.

DATED: Honolulu, Hawaii, January 31, 2007.

        CADES SCHUTTE LLP

        /s/ Milton M. Yasunaga
        MILTON M. YASUNAGA
        Attorney for
        WILLIAM R. KOWALSKI and HAWAII
        INTERNATIONAL SEAFOOD, INC.