CADES SCHUTTE LLP

MILTON M. YASUNAGA    3058
MARTIN E. HSIA        2954
1000 Bishop Street, Suite 1200
Honolulu, HI 96813-4216
Telephone: (808) 521-9200
E-mail: myasunaga@cades.com

Attorneys for Plaintiffs
WILLIAM R. KOWALSKI and
HAWAII INTERNATIONAL SEAFOOD, INC.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| WILLIAM R. KOWALSKI and HAWAII INTERNATIONAL SEAFOOD, INC.,<br><br>Plaintiffs,<br><br>v.<br><br>ADVANCED FRESH CONCEPTS CORPORATION and ADVANCED FRESH CONCEPTS FRANCHISE CORPORATION (doing business as "AFC" and "SOUTHERN TSUNAMI"),<br><br>Defendants. | CIVIL NO. 04-00053 BMK<br><br>WILLIAM R. KOWALSKI AND HAWAII INTERNATIONAL SEAFOOD, INC.'S RULE 26 INITIAL DISCLOSURES; CERTIFICATE OF SERVICE |

ImanageDB:690094.1

**WILLIAM R. KOWALSKI AND HAWAII INTERNATIONAL
SEAFOOD, INC.'S RULE 26 INITIAL DISCLOSURES**

WILLIAM R. KOWALSKI and HAWAII INTERNATIONAL SEAFOOD, INC. submit their initial disclosures pursuant to LR 26.1.

## I. WITNESSES

Plaintiffs hereby disclose the following non-expert witness likely to have discoverable information relevant to this case:

> William R. Kowalski
> Hawaii International Seafoods, Inc.
> P.O. Box 30486
> Honolulu, HI 96820

Mr. Kowalski is President and owner of Hawaii International and has knowledge about its products and has knowledge of the seafood industry.

## II. DOCUMENTS

Documents regarding Defendants' fish being processed with chemical carbon monoxide gas yet being falsely labeled as having been processed with tasteless smoke or being labeled with other labels that hide the fact that the fish was processed with carbon monoxide gas . Documents regarding the volume, revenues, costs, and profits related to such fish. Documents regarding the patent at issue (U.S. Patent 5,484,619) and persons and entities related thereto and their conduct; documents regarding the accused process and/or products treated with the accused process.

## III. DAMAGES

Hawaii International and Kowalski will compute damages when they have obtained sufficient discovery to make those calculations. One type of damages allowed under the Lanham Act for misrepresenting the nature or characteristics of goods is that Plaintiffs may be awarded Defendants' gross profits. Plaintiffs need only show the gross revenues received by Defendants, then Defendants have the burden of showing proper deductions, which proper deductions may not include overhead, other fixed costs, taxes, advertising of the improper description, legal expenses. Defendants have provided Plaintiffs information about the gross revenues from sales of the goods in question and the costs of the goods sold and the resulting profits, and Plaintiffs will not restate that information here in order to preserve the confidentiality of that information. The Lanham Act also allows the Plaintiffs to collect lost profits as an alternative to collecting Defendants' profits. At this time, based on the information known to Plaintiffs now, it appears that Plaintiffs will opt for Defendants' profits rather than Plaintiffs lost profits, but Plaintiffs reserve the right to reconsider this issue.

## IV. INSURANCE

Defendants have indicated that they are insured, but Plaintiffs' insurance is irrelevant.

DATED: Honolulu, Hawaii, January 31, 2007.

         CADES SCHUTTE LLP

         /s/ Milton M. Yasunaga
         MILTON M. YASUNAGA
         Attorney for
         WILLIAM R. KOWALSKI and HAWAII
         INTERNATIONAL SEAFOOD, INC.